Argued and submitted October 15, 1986, reversed and remanded July 8, 1987

EMPLOYMENT DIVISION,
*Petitioner,*

*v.*

ASHER et al,
*Respondents.*

(86-AB-29; CA A39327)

739 P2d 69

Linda DeVries Grimms, Assistant Attorney General, Salem, argued the cause for petitioner. With her on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

No appearance for respondent Leroy C. Asher, Hillsboro.

No appearance for respondent Flowers Tommy Luke, Portland.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

DEITS, J.

**DEITS, J.**

Claimant, a member of the Teamsters Union, was employed as a delivery driver for a florist. Under a collective bargaining agreement between his employer and the union, he earned $8.30 per hour and fringe benefits, including health insurance and retirement benefits. The florist business was sold before September 1, 1985, the expiration date of the agreement. The new owner concluded that most Portland area florists paid their delivery drivers between $4.00 and $6.00 per hour with few benefits. As a result, employer advised the union that, after October 21, 1985, claimant's pay would be $6.50 per hour and that dependent health care and retirement benefits would be eliminated. Rather than continue employment under the new conditions, claimant resigned on October 19, 1985.

Claimant applied for unemployment benefits and was determined to be eligible by the Employment Division. Employer sought a hearing on Division's determination, and the referee reversed Division. The Employment Appeals Board reversed the referee, holding that the agency exceeded its authority in adopting an administrative rule, OAR 471-30-037, directing Division to consider the prevailing rate of pay in determining whether a claimant left work without good cause. Division petitions for review on the question of the agency's authority. We reverse.

An individual is disqualified for unemployment benefits if he "[v]oluntarily left work without good cause." ORS 657.176(2)(c). In enacting ORS 657.176, the legislature delegated broad discretion to the agency to define the term "good cause." *See Springfield Education Assn. v. School Dist.,* 290 Or 217, 228, 621 P2d 547 (1980); *McPherson v. Employment Division,* 285 Or 541, 550, 591 P2d 1381 (1979). Pursuant to that delegated authority, the agency has adopted an administrative rule interpreting the term.

"Good cause for voluntarily leaving work under ORS 657.176(2)(c) is such that a reasonable and prudent person of normal sensitivity, exercising ordinary common sense, would leave work. The reason must be of such gravity that the individual has no reasonable alternative but to leave work." OAR 471-30-038(4).

The agency also has adopted a rule that specifically

addresses the adequacy of wages as a factor in determining whether a worker voluntarily left work without good cause. OAR 471-30-037 provides:

> "(1) In determining possible disqualification under the provisions of ORS 657.176(1),(2)(c),(d), and (e), the Administrator shall give consideration to the provisions of ORS 657.190 and OAR 471-30-036. *If one of the reasons for leaving work or refusing to accept offered work* or to apply for work when referred by the Administrator *is inadequate rate of pay, the Administrator may consider among other factors under ORS 657.190 the prevailing rate of pay as defined in section (2) of this rule.*

> "(2) For the purposes of ORS 657.195(1)(b), the prevailing rate of pay shall be that amount paid to the greatest number of workers for similar work in the locality considering the qualifications and experience of the individual in conjunction with fringe benefits or other employe benefits offered by employers in the locality. As a general guideline, if the remuneration being offered to the individual is 10% or more below the prevailing rate of pay thus determined or less than the state legal minimum wage for the type of work being considered, it shall be considered to be substantially less favorable than that prevailing for similar work in the area." (Emphasis supplied.)

Our function on review of EAB's order is to determine if the rule is within the range of discretion allowed by the legislative delegation of authority. ORS 183.482(8)(b).

■ We conclude that the rule is within the delegated authority. Under the unemployment compensation laws, only individuals "actively seeking and unable to obtain suitable work" may be awarded benefits. ORS 657.155(1)(c). In ORS 657.190, the legislature has specified several factors to be considered in deciding if work is "suitable."[1] EAB concluded that, because "prevailing wage rates" are not specifically listed in ORS 657.190, they are not an appropriate consideration in

---

[1] ORS 657.190 provides:

"In determining whether or not any work is suitable for an individual, the assistant director shall consider, among other factors, the degree of risk involved to the health, safety and morals of the individual, the physical fitness and prior training, experience and prior earnings of the individual, the length of unemployment and prospects for securing local work in the customary occupation of the individual and the distance of the available work from the residence of the individual."

determining if work is "suitable."[2] We do not agree. Although ORS 657.190 does identify specific factors to be considered, the statute provides that those factors are to be considered "among other factors." Thus, the agency is not limited to the factors listed in ORS 657.190 in deciding if work is suitable.

By adopting OAR 471-30-037, the agency has determined that a worker who quits because of a wage reduction is not entitled to benefits if the post-reduction wages are comparable to wages earned by the majority of workers performing similar work in the locality. The obvious rationale for that determination is that the worker would be unlikely to find substitute employment that pays more than post-reduction wages. The available jobs would be no more "suitable" than the job the worker had previously held. Thus, it was within the agency's authority to determine that the rate of pay for similar work in the locality is a relevant factor in determining whether an individual had "good cause" to voluntarily leave work.

Reversed and remanded for proceedings not inconsistent with this opinion.

---

[2] EAB also concluded that, because "prevailing wages" are identified in ORS 657.195(1)(b) as a consideration in determining if a refusal of an offer of work disqualifies an individual from benefits, inclusion in one statute precludes consideration of prevailing wages in determining if work is suitable under a different statute, ORS 657.190. Again, we do not agree. The fact that prevailing wages are an express consideration under ORS 657.195(1)(b) does not preclude their consideration for other purposes.